Opinion
Patricia Christian is appealing from her conviction of driving under the influence of alcohol. She was also charged with several other offenses which were dropped after her entry of a no contest plea to the DUI.
Christian had initially entered a not guilty plea and filed a two-part motion to suppress, the only portion of which relevant to this appeal was in Branch I, which requests the court to suppress "the arrest and observations of the officer for the reasons that the officer lacked probable cause upon which to stop, detain, and arrest the Defendant for driving under the influence . . ." Docket 5.
The sole assignment of error on appeal is as follows:
 THE TRIAL COURT ERRED IN FAILING TO SUSTAIN THE SUPPRESSION MOTION BECAUSE THE STATE FAILED TO PROVE THAT THE OFFICER STOPPED THE CAR BASED ON PROBABLE CAUSE THAT THE DRIVER HAD COMMITTED A TRAFFIC OFFENSE.
As an initial matter, we note that this court has recently gone on record that probable cause that a traffic offense has or is being committed is not the necessary standard to judge a traffic stop. Rather, the standard "is whether the police officer possessed an articulable, reasonable suspicion that a traffic violation had occurred or was occurring." State v. Cross (May 14, 1999), Montgomery App. No. 17316, unreported. This court explained, in an Opinion by Judge Wolff, in Cross that the use of the "probable cause" standard in Dayton v. Erickson (1996),76 Ohio St.3d 3, "inadvertently states a more stringent test for a legitimate traffic stop than was intended by the court." Cross,
2. Nevertheless, in the matter before us, we find that the Centerville police officer who made the stop of Christian had sufficient knowledge of Christian's erratic driving behavior, as well as personal observation of a traffic offense committed by her in his presence, that he not only had reasonable, articulable suspicion but, indeed, probable cause to make the stop.
At the hearing on the motion to suppress, Sgt. Andrew Booher of the Dayton Police Department testified that he had observed Christian's vehicle southbound on Brown Street in the City of Dayton "weaving back and forth," and he suspected possible intoxication on the part of the driver. (Tr. 3). Before he could reach his own Dayton police dispatcher, Christian's vehicle was already entering into Oakwood. He determined it would be easier to contact the Kettering dispatcher since Christian was continuing south on Far Hills through Oakwood. Following Christian through Oakwood, he observed at least three more traffic offenses, including Christian's continuing to weave back and forth, toward a grassy divider, and crossing the double yellow line at least once. (Tr. 4). Upon entering Kettering, Booher followed Christian further and observed her proceeding through a red light at an intersection. Booher contacted the Centerville police dispatcher through his own Dayton dispatcher and then noticed "by the time we got up to Far Hills and 725, there was a car coming northbound, she had crossed the yellow double line and almost hit that car and then continued south." (Tr. 5). Booher then contacted the Centerville dispatcher directly with information about the car he was following, and the dispatcher sent Centerville Officer Cooper to intersect Christian's vehicle, which he did. Officer Cooper testified that not only did the information supplied by Officer Booher convince him that the car should be stopped on suspicion of DUI (Tr. 10), but in addition, Cooper observed two traffic violations by Christian when she "gradually went left of center about two to three feet" and then veered into a right turn lane before turning back to the left lane.
The appellant argues that not every crossing of a marked lane constitutes a traffic offense, and that the State in this case did not meet its burden of proof that appellant's driving behavior was unsafe. On the contrary, there was more than sufficient information regarding Christian's erratic driving over a substantial distance and over a long period of time conveyed to Centerville Officer Cooper from Dayton Officer Booher to justify Cooper's traffic stop of Christian. This court has upheld denials of motions of suppression where the information to support the traffic stop was relayed to the officer that made the stop by officers outside the jurisdiction where the stop was made. Statev. Coppock (1995), 103 Ohio App.3d 405; State v. Hammons (Aug. 28, 1998), Montgomery App. No. 16931, unreported. Moreover, here the officer who made the stop personally observed two serious traffic offenses by the appellant which gave the officer himself a reasonable, articulable suspicion to justify a stop (Tr. 10) and, taken together with the information relayed to him from Sgt. Booher, Officer Cooper certainly even had probable cause to make the stop.
The assignment of error is overruled, and the judgment is affirmed.
. . . . . . . . . .
GRADY, P.J. and WOLFF, J., concur.
Copies mailed to:
Robert N. Farquhar
John H. Rion
Hon. Robert L. Moore